UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CRAFT,

    Plaintiff,

v.   Case No.:  2:21-cv-732-SPC-MRM

CHARLOTTE COUNTY BOARD
OF COUNTY COMMISSIONERS,

    Defendant.
_____/

## OPINION AND ORDER[1]

This is an employment discrimination case.  Proceeding *pro se*, Robert Craft (a former employee of the Charlotte County Fire and Emergency Medical Services Department) moves for injunctive relief to "restrain Defendant from continued retaliation of illegal deprivation of property under false pretenses without just cause or due process." (Doc. 60).  Plaintiff asks the Court to do four things:

1. Cease and desist the continuous retaliatory actions;

2. Reconstitute the Petitioner with his Rightful and Publicly declared and claimed property right of Commission;

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

> 3. Bring current All Petitioners deprived Public Fund Treasury Awards in accordance with the Ratified Collective Bargaining Agreement(s) (most recent CBA provided to Petitioner) from the date of July 8, 2020 to current date as if the Petitioner had never been inappropriately forced onto FMLA without request per DOL recommendation and terminated; and
>
> 4. Place Petitioner on Administrative Leave with Pay pending the outcome of the current and ANY subsequent associated litigation or until such time as the Defendant and ALL Defendant's Agents (Elected, Appointed, Commissioned, and Contracted) in their official capacity have judgments rendered or settlement agreement(s) have been executed.

(Doc. 60 at 39-40). Best the Court can tell, there is no emergency and Plaintiff wants a preliminary injunction, but to be safe, the Court will address a temporary restraining order as well.

A preliminary injunction is a "powerful exercise of judicial authority in advance of trial" and functions "to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1295 (11th Cir. 1990). To justify a preliminary injunction the movant must show: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Preliminary

injunctions are "drastic" and "extraordinary" remedies, not to be issued unless the movant has "clearly established" the burden of persuasion on each element. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2013). They are the exception, not the rule. *Id.*

Besides the usual requirements for injunctive relief, a district court may issue an *ex parte* temporary restraining order

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974). The Supreme Court has further recognized "a place in our jurisprudence for *ex parte* issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968).

The Court's Local Rules also address TROs and preliminary injunctions. *See* M.D. Fla. Rs. 6.01, 6.02. These rules largely echo the requirements set forth above. Plaintiff cannot profess ignorance of the Local Rules as the Magistrate Judge has told Plaintiff he must fully comply with the Court's Local Rules and that failure to do so may cause the Court summarily denying future motions without considering the merits. (Doc. 59).

The motion does not comply with Federal Rule of Civil Procedure 65, nor with Local Rules 6.01 or 6.02. The motion is not verified, a security bond isn't addressed, no proposed order is provided, and Plaintiff explains none of the four preliminary injunction elements. At bottom, Plaintiff has not "clearly established" that he is entitled to such a drastic remedy as injunctive relief.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction (Doc. 60) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this June 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record